MURDOCK, Justice
(concurring in the rationale in part and concurring in the result).

Specific Jurisdiction

As to the issue of specific jurisdiction, I concur with the main opinion that the plaintiffs failed to establish that their causes of action arose out of or were related to activities of Owens Used Cars that occurred in Alabama or that were directed at Alabama residents. This is a close case. On the one hand, the evidence does fall short — perhaps, just short — of establishing the elements of specific jurisdiction as articulated in prior cases and repeated in the main opinion. On the other hand, the evidence in this case does not intuitively lead to the result reached. Owens Used Cars engaged in not incidental activity in Alabama of precisely the same nature, and during the same time frame, as that activity in which it engaged just across the Alabama line in Georgia that led to the sale of the van in question to an Alabama resident and, in turn, to the injuries suffered in Alabama by that resident and the plaintiffs. Phil Owens testified that he “possibly” would “expect” these activities in Georgia to result in the sale of vans, such as the one in question, to Alabama residents. Such facts, however, do not fall within the elements of specific jurisdiction that have been carved out to date in prior decisions. Neither party has argued for a modification of the elements of specific jurisdiction — or for a hybrid of general and specific jurisdiction — to be applied to determine whether the assertion of personal jurisdiction in this case would comport with constitutional standards of fairness. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n. 10, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (“Absent any briefing on the issue, we decline to reach the questions (1) whether the terms ‘arising out of and ‘related to’ describe different connections between a cause of action and a defendant’s contacts with a forum, and (2) what sort of tie between a cause of action and a defendant’s contacts with a forum is necessary to a determination that either connection exists. Nor do we reach the question whether, if the two types of relationship differ, a forum’s exercise of personal jurisdiction in a situation where the cause of action ‘relates to,’ but does not ‘arise out of,’ the defendant’s contacts with the forum should be analyzed as an assertion of specific jurisdiction.”); Ex parte Kamilewicz, 700 So.2d 340, 345 n. 2 (Ala.1997); Linda Sandstrom Simard, Hybrid Personal Jurisdiction: It’s Not General Jurisdiction, or Specific Jurisdiction, but Is It Constitutional?, 48 Case W. Res. L.Rev. 559, 582 (1998); William M. Richman, Jurisdiction in Civil Actions, 72 Cal. L.Rev. 1328, 1345 (1984); Arthur T. von Mehren & Donald T. Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv. L.Rev. 1121 (1966).[7]

General Jurisdiction

As to the issue of general jurisdiction, I concur only in the result reached by the main opinion. Based on my review of the materials before this Court, though it too is a close question, I do not believe that Owens Used Cars sufficiently argued to the trial court or to this Court that it was *429 not subject to personal jurisdiction in Alabama because its contacts with Alabama were too remote in time. In my opinion, Owens Used Cars waived any such argument. See McDowell v. Key, 557 So.2d 1243, 1249 (Ala.1990) (noting that this Court “cannot hold the trial court in error for not considering an argument that was not made”); see also Rule 28(a)(10), Ala. R.App. P.; Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994).
That said, I do not believe that Owens Used Cars’ mid-1980s contacts with Alabama (at least those that were proven) were sufficiently “continuous and systematic” to form the basis for general jurisdiction, even had such contacts occurred at a time closer in proximity to the events giving rise to the plaintiffs’ causes of action or the filing of the complaint. See, e.g., Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); see also, e.g., Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1200 (4th Cir.1993) (“[Bjroad constructions of general jurisdiction should be generally disfavored.”). See generally Von Mehren & Trautman, supra (discussing multiple forms of general jurisdiction and specific jurisdiction that are reflected in United States Supreme Court precedent, and questioning the usefulness of general-jurisdiction analysis to resolve most cases).

. I note that the Harvard Law Review article by Von Melaren and Trautman is the same law review article that first proposed the use of the terms “general jurisdiction” and “specific jurisdiction,” which were ultimately adopted by the United States Supreme Court in Heli-cópteros.